IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:97-CR-39-BO-3

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| | ) |
| v. | ) **ORDER** |
| | ) |
| MICHAEL WILSON, | ) |
| | ) |
| Defendant. | ) |

This matter is before the Court on Defendant's Motion to Terminate Probation. [DE 192]. As defendant is on supervised release, not probation, the Court construes the Motion as a request for early termination of supervised release. The government has responded [DE 194], and the matter is ripe for ruling.

Mr. Wilson was convicted of conspiracy to distribute a controlled substance in violation of 21 U.S.C. § 846 on November 4, 1997. He was sentenced to 260 months in the custody of the Bureau of Prisons followed by 60 months of supervised release. Defendant's sentence was twice reduced pursuant to the retroactive amendments to the crack cocaine sentencing guidelines, resulting in a sentence of 169 months' imprisonment. Mr. Wilson was released from the custody of the Bureau of Prisons and his supervised release commenced on January 5, 2012.

Pursuant to 18 U.S.C. § 3583(e)(1), the Court may "terminate a term of supervised release and discharge the defendant" after the defendant has served one year of supervised release provided that certain conditions are met. First, the Court must consider certain factors set forth in 18 U.S.C. § 3553. Second, the Court may terminate supervised release only "if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." § 3583(e)(1); *see also United States v. Pregent*, 190 F.3d 279, 283 (4th Cir. 1999) ("The

conjunction 'and' used in the statute . . . clearly indicates that a district court must conclude that the early termination of supervised release is warranted by both the individual's conduct and also by the interest of justice.").

Defendant argues that he has served more than half of his supervised release term, complied with all fines, and has not come in contact with the criminal justice system since he was placed on supervised release. Essentially, Mr. Wilson argues that his compliance with all the terms of his supervised release justifies early termination. He does not address any of the applicable § 3553 factors nor whether the interest of justice would be served by terminating his supervised release. While the Court commends Mr. Wilson for his model behavior, all defendants are required to comply fully with the terms of their supervised release, and mere compliance is insufficient to warrant early termination. *See Folks v. United States*, 733 F. Supp. 2d 649, 652 (M.D.N.C. 2010) (collecting cases). Mr. Wilson has not submitted any information to indicate that his situation is unusual or that any of the relevant § 3553(a) factors have changed from the time of his sentencing. Mere compliance, without more, cannot justify early termination.

After considering the requisite factors in § 3553(a), the Court finds that Mr. Wilson's supervised release term continues to appear sufficient but not greater than necessary to deter criminal conduct and protect the public. Accordingly, defendant's Motion is DENIED.

SO ORDERED, this 2 day of March, 2015.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE